# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| ROBERT CURTIS FINCH-GRANT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV614-066 |
| | ) |
| LEE LANG, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Before the Court is yet another in a long series of bizarre civil actions commenced by Robert Curtis Finch. Doc. 1. Because his latest complaint is clearly baseless, it is subject to immediate dismissal pursuant to 28 U.S.C. § 1915(e).[1] But more is required here than just another routine dismissal order, for the burden of addressing Finch's many frivolous claims has now reached the point that the Court should take additional measures to protect itself and the public from this abusive litigant.

---

[1] As Finch is indigent, the Court GRANTS his request to proceed without prepayment of the filing fee. Doc. 2 (motion to proceed *in forma pauperis* ("IFP")).

Finch, who now calls himself "Finch-Grant," asserts in his present complaint that he is the "heir" of Ulysses S. Grant, who accepted the surrender of Confederate States Army General David Lang during the American Civil War. Doc. 1 at 1, 2. Finch, who believes that General Lang is defendant Lee Lang's ancestor, suggests that the "Lang clan" has engaged in a long-standing effort over several generations to murder the "Grant clan." *Id.* at 2, 3. His one paragraph "statement of claim" consists of this irrational absurdity:

> Lee Lang constantly keeps committing aggravated sexual battery against me; penetrating my sex; cutting portions of my body from my spinal cord a cavity with his fagot; erect ass crack, by turning his asshole inside-out, by sticking his fagot; erect dick up his ass, and by sticking his fagot; erect spine up his ass while he's totally outside of his spinal cavity and cord and around himself. He is doing so because of my race; religion; gender; sexual orientation; and gender identy. His actions caused violation of all the earlier mentioned laws and my civil murder.

*Id.* at 2.[2] As "just compensation" for these imagined wrongs, Finch seeks to have defendant "hung limp and in front of people." *Id.*

---

[2] Finch's typed complaint is exceedingly difficult to read because he uses upper and lower case letters in this fashion throughout his complaint: "iN rEGARD tO tHE americaN civil waR aND klU kluX KlaN . . . ." *Id.* at 1. When quoting from his complaint, the Court has converted his miscapitalization to proper form, but it has left intact his spelling and syntax errors.

2

The language of this complaint, which reflects the delusions of a disturbed mind, constitutes the type of fanciful factual allegations with which the federal courts "are all too familiar." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *id.* at 325 (holding that a complaint is "frivolous" within the meaning of § 1915(d) (now codified as § 1915)(e)) when it "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation"). It is this Court's statutory duty to dismiss *sua sponte* an IFP complaint that has no factual or legal basis to support it. 28 U.S.C. § 1915(e) (requiring a court to dismiss a civil action "at any time" that it is determined to be "frivolous or malicious" or legally insufficient). The factual allegations of Finch's latest complaint certainly qualify as frivolous within the meaning of this statute. The immediate dismissal of his complaint, prior to its service upon the defendant, is not only appropriate but statutorily required.

In a separate civil action commenced by Finch earlier this year, the Court noted that he "is a litigation menace to society" who "has burdened this Court with an appalling stream of frivolous filings over

3

the years . . . ." *Finch v. Bank of Newington*, No. CV614-021, doc. 3 at 2 (May 16, 2014 Report and Recommendation) (recommending dismissal of a complaint seeking $43,525,000 in unpaid "interest" on a non-interest-bearing bank account). Indeed, the Court's PACER electronic case locater confirms that since 2009 Finch has filed 26 civil cases in this Court and one in the District of Arizona.[3] All of his cases

---

[3] *Finch v. Bank of Newington*, No. CV614-021 (S.D. Ga. June 10, 2014) (denying leave to proceed IFP); *Finch v. Apple*, No. CV611-041 (S.D. Ga. Oct. 20, 2011) (jumbled habeas corpus and civil action; dismissed with prejudice for failure to exhaust available remedies); *Finch v. Lane*, No. CV611-094 (S.D. Ga. Sept. 14, 2011) (occasionally incoherent complaint ultimately dismissed for failing to pay the filing fee); *Finch v. E. Cent. Reg. Hosp.*, No. CV111-093 (S.D. Ga. Sept. 12, 2011) (complaint consisting of "incoherent statements" accompanied by "bizarre anatomical illustrations"; dismissed for failure to state a claim for relief); *Finch v. Screven County*, No. CV611-012 (S.D. Ga. Mar. 29, 2011) (dismissed for failing to return certain IFP paperwork); *Finch v. State of Georgia*, No. CV610-027 (S.D. Ga. June 22, 2010) (purported petition for habeas corpus that requested millions of dollars in damages; dismissed for failure to respond to an order directing him to "designate what cause of action he seeks to bring"); *Finch v. Southeastern Orthopedic Center*, No. CV409-177 (S.D. Ga. June 1, 2010) (dismissed for lack of jurisdiction); *Finch v. Talley*, No. CV410-046 (S.D. Ga. May 20, 2010) (voluntarily dismissed after the Court recommended that Finch's cases be subjected to special management); *Finch v. Pedigo*, No. CV610-015 (S.D. Ga. May 17, 2010) (complaint suing a local attorney for ineffectively representing Finch's uncle during a criminal trial; dismissed for lack of jurisdiction); *Finch v. Kile*, No. CV609-084 (S.D. Ga. May 11, 2010) (voluntarily dismissed); *Finch v. Kile*, No. CV610-021 (S.D. Ga. May 10, 2010) (dismissed as a legal nullity); *Finch v. Hall*, No. CV410-093 (S.D. Ga. May 10, 2010) (Finch's attempted criminal action against several Southern District of Georgia judges dismissed as a legal nullity); *Finch v. Poff*, No. CV410-089 (S.D. Ga. May 10, 2010) (Finch's attempted criminal action against this Court's Clerk dismissed as a legal nullity); *Finch v. Carnley*, No. CV610-020 (S.D. Ga. May 7, 2010) (voluntarily dismissed); *Finch v. Lane*, No. CV610-017 (S.D. Ga. May 7, 2010) (complaint alleging probation officers "conspired negligently to sentence the plaintiff with a new life

4

either failed to survive initial screening or were otherwise dismissed prior to service, and many of them reflect the type of bizarre allegations frequently made by plaintiffs suffering from some profound mental infirmity. Among his more memorable phantasms are the following:

1. In *Finch v. East Central Regional Hospital*, No. CV111-093, he states that as

> a result of negligence of the Staff of the Medical College of Georgia I was left to suffer with Carple [sic] Tunnel Syndrome;

---

sentence against the 5th amendment"; voluntarily dismissed); *Finch v. Clifton*, No. CV610-013 (S.D. Ga. May 7, 2010) (a medical claim against staff at the Emanuel Probation Detention Center; voluntarily dismissed); *Finch v. Dickerson*, No. CV610-012 (S.D. Ga. May 7, 2010) (duplicative claim that he voluntarily dismissed); *Finch v. Kile*, No. CV610-011 (S.D. Ga. May 7, 2010) (one of several complaints rehashing claims raised against Kile; voluntarily dismissed); *Finch v. Cribbs*, No. CV610-009 (S.D. Ga. May 7, 2010) (voluntarily dismissed); *Finch v. Peed*, No. CV610-008 (S.D. Ga. May 7, 2010) (voluntarily dismissed); *Finch v. BroBang.com*, No. CV210-636 (D. Ariz. Apr. 29, 2010) (complaint claiming that interracial pornography website caused Finch serious distress; demanded one billion dollars in damages along with a "1943 genuine mint condition althentic [sic] copper penny"; dismissed for failure to pay the court's filing fee or to move for IFP status); *Finch v. Morgan*, No. CV609-090 (S.D. Ga. Mar. 22, 2010) (dismissed for lack of jurisdiction); *Finch v. E. Cent. Regional Hosp.*, No. CV109-158 (S.D. Ga. Mar. 17, 2010) (dismissed for failure to state a claim for relief); *Finch v. Med. College of Ga.*, No. CV109-150 (S.D. Ga. Mar. 17, 2010) (dismissed for failing to state a claim for relief); *Finch v. Camley*, No. CV610-024 (S.D. Ga. Feb. 22, 2010) (dismissed for lack of jurisdiction); *Finch v. Kile*, No. CV610-010 (S.D. Ga. Jan. 26, 2010) (dismissed for failure to pay the Court's filing fee or to move to proceed IFP); *In re Robert Curtis Finch*, No. MC609-001 (S.D. Ga. Dec. 18, 2009) (addressing letter from Finch, explaining that unsolicited letters are not welcome).

my hand was left to painfully improperly move; I was left bleeding from my Anus; and I wasn't diagnosed with the Cerebral Palsy that is causing the anorectal bleeding. . . . Not a single sexual disoriented man can sit in front of a natural built, well hung man with a known throbbing Penis and judge him fairly any kind of way. Human nature won't allow it. . . . I demand that I be awarded 51 percent ownership of the Medical College of Georgia.

*Id.*, doc. 1 at 8-9.

2. In *Finch v. Kile*, No. CV609-084, he claimed in a letter to the Court that

> I was purpose[e]ly injuries over a penis and a working body with reflexes and true muscules [sic] and everyone in Savannah, Statesboro, and Screven know it. It's not like I just moved to this area I've lived here for 26 years and had a body that women begged to touch on the chest, shoulders, back, ass and abs for more than 22 of those years. I was purpose[e]ly injuried [sic] by hat[e]ful men that couldn't give an orgasm if their lives depended on.

*Id.*, doc. 16 at 1.

3. In *Finch v. Southeastern Orthopedic Center*, No. CV409-177, he claimed that improper medical treatment "[c]aused Serious bodily harm and lose [sic] of use of the 650 muscules [sic] of the human body leaving me seriously disabled." *Id.*, doc. 1 at 4. That complaint

6

remains sealed because he attached several photographs of his genitalia. *Id.* at 7-9.

4. In *Finch v. Kile,* No. CV610-021, where he asked that the defendants be sentenced to death or life without parole, he claimed that he was a "very well known cock strong young man and one of the sexiest men on earth he was set up by Bret Dickerson whose penis, pelvic cavi[t]y and anorectal area will not support his body." *Id.*, doc. 1 at 2.

5. In *Finch v. Screven County,* No. CV611-012, he sued several defendants, including President Obama, for causing him "anorectal bleeding, carple [sic] tunnel syndrome, muscular injuries, and sexual injuries." *Id.*, doc. 1 at 2-3.

6. In his objection to the undersigned's report and recommendation in *Finch v. Bank of Newington,* No. CV614-021, he explains the calculations used to support his claim for millions of dollars in unpaid interest:

> You See For Every 1/3 Of A Whole Number, Whether Or Not A Decimal Number, You Gain .001 Or Another 3 (1/3 Of 3=1; 31/3=3.3333333->) Due To The Pye Effect. Using The Pye

7

> 0.00176 Instead Of 3.34 Is The Only Way To Get A True Correct Whole Number. 3, 3.3, 3.33, Or 33.33 Is A Muliple Of 0.00176 (One 1/3 Of 1/3=0.00176 Or 0.001 Of 1/3). Come On Man, It's Simple Eighth Or Ninth Grade Math.
>
> 0.00176/3.33=0.001: Move The Decimal Point To The Right Two Spaces To Give You A Whole Number. Do Division And Replace Your Decimal Point. Now You Have Your Correct Answer: 0.001.

*Id.*, doc. 5 at 2.

This Court has both the inherent power and the constitutional duty to protect itself from an abusive litigant whose repeated frivolous filings "impair its ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) (en banc); *accord Miller v. Donald*, 541 F.3d 1091, 1096-97 (11th Cir. 2008); *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2nd Cir. 1984); *Green v. Carlson*, 649 F.2d 285, 286-87 (5th Cir. 1981).[4] Every lawsuit or paper filed with the Court, no matter how frivolous or repetitious, requires the investment of the Court's time and imposes a burden on its limited resources. *In re McDonald*, 489 U.S. 180, 184 (1989); *Procup*, 792 F.2d

---

[4] This decision of the Fifth Circuit, entered before September 30, 1981, is binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

at 1072. The Court has the responsibility of ensuring that those resources "are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. at 184. That goal is not furthered when the Court tolerates repeated filings from a litigant alleging delusional or fantastic claims, for the continual processing of such a flood of frivolous litigation from a single litigant necessarily "encroach[es] on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074; *McDonald*, 489 U.S. at 184

The federal courts have used a variety of "injunctive devices" to protect their dockets from abuse by litigants who monopolize judicial resources through the serial filing of frivolous lawsuits, *Procup*, 792 F.2d at 1072, and they have "considerable discretion" in selecting the appropriate measure to curtail such abuse. *Id.* at 1074. While the courts may not "completely close the courthouse doors to those who are extremely litigious," *Cofield v. Alabama Public Service Comm'n*, 936 F.2d 512, 517 (11th Cir. 1991), they are empowered to impose severe restrictions on an abusive litigant's ability to file further cases. For instance, they may require such a litigant "to seek leave of court

9

before filing pleadings in any new or pending lawsuit." *Procup*, 792 F.2d at 1072. And "'[a]s new ideas develop and old devices prove ineffective, the judiciary must respond with imaginative new techniques designed to protect the court access of all litigants.'" *Miller*, 541 F.3d at 1097 (quoting *Procup*, 792 F.2d at 1073).

Robert Curtis Finch is clearly an abusive litigant who has consumed a disproportionate share of this Court's resources with his many frivolous and often bizarre filings. In order to curb further abuse, conserve judicial resources needed for other litigants, and yet still provide him with meaningful court access, the Court imposes the following restrictions on all future civil actions sought to be commenced by Finch.

1. First, Finch is enjoined from attaching photographs of his anatomy to any future complaint or other filing without first seeking and obtaining the Court's express permission to submit such material.

2. As to any future civil actions sought to be commenced IFP by Finch, the Clerk shall receive the papers, open a single miscellaneous

10

file for tracking purposes,[5] and forward the papers to the presiding district judge in this case for a determination as to whether they present a claim with any arguable merit. Only if the pleading alleges a *plausible* claim for relief will the Court allow it to be filed. IFP complaints that fail to pass muster under 28 U.S.C. § 1915(e) will be dismissed *without any further judicial action* after 30 days from the date the complaint is received by the Clerk, unless the Court orders otherwise. This automatic dismissal of insubstantial claims "will reduce the burden of paper-moving and explanation-writing, conserving a little judicial time for litigants who deserve attention." *Alexander v. United States*, 121 F.3d 312, 315 (7th Cir. 1997) (Easterbrook, J.). Thus, although the Court will read and consider any future complaint that Finch endeavors to file IFP, it will not necessarily enter an order addressing that complaint. If no order is forthcoming, then 30 days after the complaint's receipt the Clerk shall, without awaiting any further direction, notify Finch that his

---

[5] All future filings from Mr. Finch will be docketed under that miscellaneous case number, unless the Court orders otherwise as to any particular pleading.

case has been dismissed without prejudice pursuant to 28 U.S.C. § 1915(e).[6]

3. The Clerk shall not docket any further motions or papers in a case automatically dismissed pursuant to this directive except for a notice of appeal. (Any papers other than a notice of appeal shall be returned to Finch unfiled.) If a notice of appeal is filed, the Clerk shall forward a copy of the Court's ruling in this case, the notice of appeal, and the dismissed complaint to the Court of Appeals.

4. To ensure that all future Finch pleadings are properly consolidated for review, the Clerk shall personally advise each deputy clerk of the Court's ruling in this case and develop a procedure for ensuring that all future Finch complaints are immediately assigned and forwarded to the presiding district judge in this case, regardless of which divisional clerk's office received and docketed the papers.

5. Finch may motion to modify or rescind the order imposing

---

[6] Any cases dismissed in this manner may be resubmitted for filing *provided* Finch pays the filing fee. The Clerk shall use the attached Notice when communicating with Finch.

these restrictions no earlier than two years from the date of its entry.

6. These filing restrictions do not apply to any criminal case in which Finch is named as a defendant or to any *proper* application for a writ of habeas corpus.

7. A copy of the order imposing these restrictions shall be forwarded to each judicial officer in this District.

Finch's present complaint should be dismissed without prejudice to his right to resubmit the complaint accompanied by the full filing fee. All future civil actions sought to be filed by Finch should be subject to these restrictions.

**SO REPORTED AND RECOMMENDED** this ___6th___ day of August, 2014.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

IN RE: ROBERT CURTIS FINCH )
) Case No. MC6____-_____
)

## NOTICE

**TAKE NOTICE** that the complaint that you filed *in forma pauperis* on _____ has been **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e) and this Court's Order of _____. The complaint, a copy of which is attached hereto, has been docketed in the captioned miscellaneous case file -- document number ____. No further action will be taken on the complaint. The complaint may be resubmitted for filing with the payment of the full filing fee.

SCOTT L. POFF, Clerk

By: _____
    Deputy Clerk

Date: _____